**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | **5:10-CR-1 (HL)** |
| **BRADFORD G. BROWN,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Before the Court is the Defendant's motion to strike the introduction section of

his indictment, paragraphs one through four. (Doc. 83). For the following reasons,

the motion is granted.

The introduction portion of the Defendant's indictment describes his past

criminal history, mainly that Defendant was convicted in 2003 of tax evasion and

sentenced, and that following his incarceration he was  under Supervised Release.

In 2007 he was found guilty of violating conditions of his Supervised Release and re-

incarcerated. Later in 2007 he was released and placed on Supervised Release for

a second time.

The indictment charges the Defendant with conspiracy, making a false

statement, and obstructing justice. The basis for the charges of conspiracy and

making a false statement is that after he was released on Supervised Release for a

second time, the Defendant provided to the United States Probation Office letters

containing false information about the Defendant's employment.

The Defendant moves to strike the introductory paragraphs of the indictment arguing that his criminal conviction for tax evasion and past violation of his conditions of Supervised Release are irrelevant to the crimes with which he is charged and that a discussion of his past criminal history is unfairly prejudicial to him. He is willing to stipulate that at the time the offenses were allegedly committed he was a convicted felon on Supervised Release.

The Government argues that "[t]he paragraphs speak to the defendant being on supervised release for a federal crime under which he was convicted. Thus explaining why the defendant had motive and even the opportunity to make a false statement to a federal officer. All facts which will be proven at trial."

Federal Rule of Criminal Procedure 7(c) requires the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Subsection (d) of the rule provides that, "upon the defendant's motion, the court may strike surplusage from the indictment or information." Fed.R.Crim.P. 7(d). A motion to strike surplusage should be denied "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Awan, 966 F.2d 1415, 1426 (11th Cir.1992) (citation omitted).

The Court believes that the language in paragraphs one through four of the indictment constitute surplusage because the Government has not shown that the paragraphs are relevant to explaining the essential facts constituting the offenses charged.

Although the Defendant's criminal history may be relevant to his intent to

2

commit the offense of making a false statement and to conspire against the United States, it is not essential to proving the elements of the offenses with which he is charged. The requirement that an indictment set forth in plain and concise terms the essential facts constituting the offense charges "does not contemplate the inclusion of every piece of evidence that ultimately may be relevant to building a case against the defendant." United States v. D.J. Cooper, 384 F. Supp. 2d 958, 960 (W.D. Va. 2005). To construe the rules otherwise would mean that a criminal indictment "would be free to grow . . . to an unreadable monstrosity discussing every piece of evidence that would be conceivably relevant at trial." Id.

Furthermore, a description of the Defendant's past criminal conviction for tax evasion and past violation of his Supervised Release is unfairly prejudicial at this stage of the case. Explaining the Defendant's criminal history in the indictment would provide the Government a chance to present information to the jury that may be excluded at trial. Under the Federal Rules of Evidence, the Defendant's previous failure to abide by his conditions of his Supervised Release would be inadmissible absent evidence that it will be used for a permissible purpose and that the danger of unfair prejudice will not outweigh the probative value of the admission. See Fed. R. Evid. 404(b), 1972 proposed rules note to subdivision (b). The Government has not filed a Rule 404(b) motion to admit evidence of the Defendant's prior Supervised Release violation. Moreover, the Government has filed a motion in limine seeking to prevent the Defendant from presenting issues pertaining to his tax evasion conviction. The Court orally granted the Government's motion at the pretrial

3

conference.  If the Defendant is excluded from presenting evidence on his tax evasion conviction, then the Government is not permitted to name the Defendant's tax evasion conviction in the indictment.  Thus, since the Defendant is willing to stipulate that he is a convicted felon on Supervised Release, at this time the Government's case and the indictment are limited to telling the jury that the Defendant is a convicted felon on Supervised Release.

For the explained reasons, the Court finds that Defendant has satisfied the requirements for striking certain information from the indictment as surplusage.  Accordingly, the following changes to the indictment are made:

Paragraphs one, two, and three are stricken.  The first two sentences of paragraph four are stricken.  The third sentence of paragraph four is changed to read

Bradford G. Brown was a convicted felon who was released from prison on August 20, 2007.  Upon release, he was placed on Supervised Release.  Bradford G. Brown was explained the standard conditions of Supervised Release.  Condition number 5 of the standard conditions stated that the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.  Bradford G. Brown signed off acknowledging the conditions had been read to him, that he fully understood them, and that a copy of the conditions had been provided to him.

**SO ORDERED**, this the 1st  day of September, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc